UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WAR HORSE NEWS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-1834 (TJK) |

**DEFENDANT'S ANSWER**

Defendants, by and through counsel, hereby answers Plaintiffs' Complaint. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiffs, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendants admit, deny, or otherwise aver as follows:

**INTRODUCTION[1]**

1. To the extent the allegations in the first six sentences of Paragraph 1 seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a

---

[1] For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in the first six sentences of Paragraph 1 are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). In response to the allegations in the seventh sentence of Paragraph 1, Defendants admit that the Army received a FOIA request from Plaintiffs on June 17, 2022, and the Army respectfully refers the Court to that request for a complete and accurate description of its contents; Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the seventh sentence of Paragraph 1. In response to the allegations in the final sentence of Paragraph 1, Defendants admit that to date the Army has not produced any documents responsive to Plaintiffs' request; the remaining allegations in the final sentence of Paragraph 1 contain Plaintiffs' characterization of this lawsuit and conclusions of law, to which no response is required.

2. Paragraph 2 contains Plaintiffs' characterization of this lawsuit and conclusions of law, to which no response is required.

3. Paragraph 3 contains Plaintiffs' characterization of this lawsuit and conclusions of law, to which no response is required.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Defendants admit the Department of Defense is an executive agency of the federal government and that the Army is a component of the Department of Defense. Defendants also admit the Department of Defense and the Army are agencies subject to the FOIA. The remainder of Paragraph 7 contains Plaintiff's asserted beliefs, of which Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted.

## JURISDICTION

8. Paragraph 8 sets forth Plaintiffs' assertions of jurisdiction, and thus consist solely of legal conclusions to which no response is required. To the extent a response is required, Defendants admit the Court has subject-matter jurisdiction under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants deny the Court has subject-matter jurisdiction in this case pursuant to the Administrative Procedure Act, 5 U.S.C. § 701-706.

## VENUE

9. Defendants aver and admit that Washington, DC is a proper venue for this FOIA case.

10. Defendants aver and admit that Washington, DC is a proper venue for this FOIA case.

## FACTS

11. Defendants admit the Army received a FOIA request from Plaintiffs on June 17, 2022. The Army respectfully refers the Court to that request for a complete and accurate description of its contents.

12. Defendants admit the Army received a FOIA request from Plaintiffs on June 17, 2022, and that the FOIA request included a request for a waiver of fees. The Army respectfully refers the Court to that request for a complete and accurate description of its contents.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Paragraph 29 sets forth Plaintiffs' legal conclusions to which no response is required. In addition, Paragraph 29 contains Plaintiff's asserted beliefs, of which Defendants lack knowledge or information sufficient to form a belief as to the truth of the matter asserted. To the extent a response is required, the Army admits that to date it has not released any documents to Plaintiffs.

**FIRST CAUSE OF ACTION**
**(Violation of FOIA)**

30. Defendants incorporate by reference their responses to the preceding paragraphs 1-29 as if fully set forth herein.

31. Paragraphs 31 consists of Plaintiffs' legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations.

32. Defendants admit the Army has not released any responsive documents to Plaintiffs in this case. Otherwise, Paragraph 30 consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

33. Paragraphs 33 consists of Plaintiffs' legal opinions and conclusions, to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

34. Paragraph 34 consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

35. Paragraph 35 consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## PRAYER FOR RELIEF

Paragraphs A through E contain Plaintiffs' requested relief to which no response is required. To the extent a response may be deemed necessary, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses, contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of the litigation.

## FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

**SECOND DEFENSE**

Defendants had unusual circumstances that could extend the twenty-day time limit for processing Plaintiffs' FOIA requests.

**THIRD DEFENSE**

Plaintiffs are not entitled to compel the release of records exempt or excluded from disclosure under FOIA.

**FOURTH DEFENSE**

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated:  September 4, 2024
         Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

- 7 -

        BRIAN P. HUDAK
        Chief, Civil Division

By:     */s/ Alane E. Ballweg*
        ALANE E. BALLWEG, VA Bar #80102
        Special Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202) 252-2574
        alane.ballweg@usdoj.gov

*Attorneys for the United States of America*